Corinne Chandler - State Bar No. 111423
  Email: cchandler@kantorlaw.net
Glenn R. Kantor - State Bar No. 122643
  Email: gkantor@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, California 91324
Telephone: (818) 886-2525
Facsimile:  (818) 350-6272

Attorneys for Plaintiff,
LINDA MURRAY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA MURRAY,<br><br>        Plaintiff,<br><br>vs.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA AND GILEAD SCIENCES, INC. GROUP INSURANCE PLAN,<br><br>        Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PRE-JUDGMENT AND POST-JUDGMENT INTEREST; BREACH OF FIDUCIARY DUTIES AND ATTORNEYS' FEES AND COSTS** |

Plaintiff, Linda Murray herein sets forth the allegations of her Complaint against Defendants Life Insurance Company of North America ("LINA") and Gilead Sciences, Inc. Group. Insurance Plan ("Gilead") as follows:

**PRELIMINARY ALLEGATIONS**

1.      "Jurisdiction" – This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights under the terms of the employee benefit plan, and to clarify Plaintiff's rights to future benefits under the employee benefit plan.

1  Plaintiff seeks relief, including but not limited to: payment of benefits; pre-judgment and post-
2  judgment interest, and attorneys' fees and costs.

3      2.    Plaintiff was, at all times relevant, an employee of Gilead Sciences, Inc. ("Gilead")
4  and a resident of California.

5      3.    Plaintiff is informed and believes that Defendant LINA is a corporation with its
6  principal place of business in the State of Pennsylvania, authorized to transact and transacting
7  business in the Northern District of California and can be found in the Northern District of California.
8  LINA is the insurer of benefits on long term disability ("LTD") policy number LK-0963910 (the
9  "Policy"), and the insuring documents, which provided coverage to Gilead Sciences' employees
10 covered under the Gilead Sciences, Inc. Group Insurance Plan ("the Plan"), were issued to the Plan
11 where the Plan is administered in Foster City, California. As such, the Policy coverage documents
12 were issued and administered within this Judicial District. LINA is doing business in the Northern
13 District of California, in that it covers insureds working and residing in the Northern District. Plaintiff
14 is further informed and believes that the Plan Administrator has appointed LINA as a fiduciary for
15 deciding claims for benefits under the plan, and for deciding any appeals of denied claims. LINA
16 administered the claim, interpreted Policy terms, and issued a claim denial, all while operating under
17 a conflict of interest, and the bias this created adversely affected the claims determination.

18     4.    As a benefit of her employment, Plaintiff was provided group LTD insurance under
19 the Policy. The Policy is part of an employee welfare benefit plan regulated by ERISA, in which
20 Plaintiff was a participant, and pursuant to which Plaintiff is entitled to LTD benefits. Pursuant to the
21 terms and conditions of the Policy, Plaintiff is entitled to LTD benefits for the duration of Plaintiff's
22 disability, for so long as Plaintiff remains disabled as required under the terms of the Policy.

23     5.    Plaintiff is informed and believes that the subject Policy was issued or renewed on or
24 after January 1, 2012, and was intended to and did, in fact, insure residents of California.

25     6.    Plaintiff is informed and believes that the subject Policy has an annual January 1
26 anniversary date.

27
28

7. Defendant LINA can be found in this judicial district and the Policy is administered in this judicial district. The LTD claim at issue herein was also specifically administered in this judicial district. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2).

## FIRST CLAIM FOR RELIEF
## AGAINST DEFENDANTS LIFE INSURANCE COMPANY OF NORTH AMERICA AND GILEAD SCIENCES GROUP INSURANCE PLAN FOR ERISA BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PRE-JUDGMENT AND POST-JUDGMENT INTEREST, AND ATTORNEYS' FEES AND COSTS
## (29 U.S.C. § 1132(a)(1)(B))

8. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

9. At all times relevant, Plaintiff was employed by Gilead, and was a covered participant under the terms and conditions of the Policy. The Policy was insured by LINA, and LINA was also the claims administrator and made all decisions to pay or deny benefit claims.

10. During the course of Plaintiff's employment, Plaintiff became entitled to benefits under the terms and conditions of the Policy. Specifically, while Plaintiff was covered under the Policy, Plaintiff suffered a disability rendering Plaintiff disabled as defined under the terms of the Policy.

11. Pursuant to the terms of the Policy, Plaintiff made a claim to LINA for LTD benefits under the Policy. Plaintiff's last day of work as a result of her disability was October 14, 2016. Plaintiff is informed and believes that LINA identifies her claim as incident number 12030149-01. Plaintiff's disabling conditions include but were not limited to fibromyalgia, lupus and associated debilitating pain.

12. Plaintiff's LTD benefits were originally paid effective January 12, 2017, which was after the 90-day policy elimination period but were wrongfully terminated effective March 28, 2019. When benefits were paid, they were paid based on LINA's concession that Ms. Murray's medical

1  records supported her treating physician's rheumatologic diagnoses of disabling fibromyalgia and
2  lupus,

3      13.    Plaintiff timely appealed the decision to terminate her benefits.  However, on May 4,
4  2022, LINA affirmed its decision to terminate benefits, finding that she does not qualify under the
5  "Any Occupation" definition of disability under the policy.

6      14.    Defendants LINA and the Plan breached the Policy and violated ERISA in the
7  following respects:

8      (a)    Failing to pay LTD benefit payments to Plaintiff at a time when Defendants
9  knew, or should have known, that Plaintiff was entitled to those benefits under the terms of
10 the Policy, as Plaintiff was disabled and unable to work and therefore entitled to benefits.
11 Even though Defendants had such knowledge, Defendants denied Plaintiff's LTD benefits;

12     (b)    Failing to provide a prompt and reasonable explanation of the basis relied on
13 under the terms of the Policy, in relation to the applicable facts and Policy provisions, for the
14 denial of Plaintiff's claims for LTD benefits;

15     (c)    Failing to adequately describe to Plaintiff any material or information
16 necessary for Plaintiff to perfect her claim along with an explanation of why such material is
17 or was necessary;

18     (d)    Concealing and withholding from Plaintiff the notice requirements Defendants
19 was required to provide Plaintiff pursuant to ERISA and the regulations promulgated
20 thereunder, 29 C.F.R. § 2560.503-1(f)-(g), inclusive; and

21     (e)    Failing to properly and adequately investigate the merits of Plaintiff's claim
22 and failing to provide a full and fair review of Plaintiff's claim.

23     15.    Plaintiff is informed and believes and thereon alleges that Defendants wrongfully
24 denied her disability benefits under the Policy by other acts or omissions of which Plaintiff is
25 presently unaware, but which may be discovered in this future litigation and which Plaintiff will
26 immediately make Defendants aware of once said acts or omissions are discovered by Plaintiff.

16. Following the denial of benefits under the LTD Plan, Plaintiff exhausted all administrative remedies required under ERISA, and Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the Policy.

17. As a direct and proximate result of the aforementioned wrongful conduct of Defendants, Plaintiff has damages for loss of disability benefits in a total sum to be shown at the time of trial.

18. As a further direct and proximate result of this improper determination regarding Plaintiff's LTD claim, Plaintiff, in pursuing this action, has been required to incur attorneys' costs and fees.  Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendants.

19. The wrongful conduct of Defendants has created uncertainty where none should exist. Therefore, Plaintiff is entitled to enforce her rights under the terms of the Policy and to clarify her right to future benefits under the terms of the Policy.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the Plan, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to continue to be paid under the Plan for so long as Plaintiff remains disabled under the terms of the Plan;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED:  June 9, 2022                                KANTOR & KANTOR, LLP

By:     /s/ Corinne Chandler
        Corinne Chandler
        Attorneys for Plaintiff Linda Murray